REX CHAINBELT, INC., Plaintiff-Appellee,

v.

Claude S. BRINEGAR, Secretary, Department of Transportation, et al., Defendants-Appellants.

No. 74-1309.

United States Court of Appeals, Seventh Circuit.

Argued Feb. 11, 1975.

Decided March 10, 1975.

**1216**

Thomas S. Moore, Atty., App. Section, Civ. Div., U. S. Dept. of Justice, Washington, D. C., for defendants-appellants.

Andrew O. Riteris, Edward W. Mentzer, Milwaukee, Wis., for plaintiff-appellee.

Before PELL, Circuit Judge, TONE, Circuit Judge, and JAMESON, Senior District Judge.*

PER CURIAM.

The sole issue on this appeal is whether the judgment of the district court on remand is in accordance with the opinion of this court in Rex Chainbelt, Inc. v. Volpe, 486 F.2d 757 (7 Cir. 1973).

Rex Chainbelt, Inc., plaintiff-appellee, is engaged in the manufacture of concrete mixers which are designed to be mounted on truck chassis-cabs. Rex sells the mixers and normally installs the mixer on a chassis which is purchased by the customer from a manufacturer other than Rex.

In 1971 the National Highway Traffic Safety Administration (NHTSA) issued regulations under the authority of the National Traffic and Motor Vehicle Safety Act of 1966 dealing with motor vehicles manufactured in two or more stages. Regulation 49 C.F.R. § 568.6(b) required Rex, as the final stage manufacturer (49 C.F.R. § 568.3), to certify that the entire vehicle—chassis-cab and mixer—conformed to all applicable federal motor safety standards.

In Rex Chainbelt, Inc. v. Volpe, *supra* at 761–762, this court concluded that the "Secretary has power under the Act to require manufacturers not working through distributors and dealers to certify their vehicles or their equipment," but

that "to the extent that the regulations require Rex to make the sole certification of compliance of the entire vehicle . . . they must be declared invalid."

On remand, the district court entered the following judgment:

"Ordered and adjudged that Section 568.6(b) of Part 568 of Title 49 of the Code of Federal Regulations is invalid because it contravenes the language of the National Motor Vehicle Safety Act of 1966 . . . to the extent that said Section is interpreted to require that a final stage manufacturer, as a concrete mixer manufacturer or his dealer or distributor, certify the compliance of the chassis-cab and its components to motor vehicle safety standards in those instances where the final-stage manufacturer mounts the mixer on a chassis-cab which has been purchased by the mixer customer from a source other than the final-stage manufacturer."

Strictly speaking, the judgment is in accordance with this court's order on remand. It appears, however, that it can be clarified to satisfy all the parties to this litigation. At oral argument counsel for the respective parties agreed that this court's holding in Rex Chainbelt, Inc. v. Volpe "should be interpreted to mean that the Act requires that in instances where the customer purchases a chassis-cab from its manufacturer and thereafter the mixer from the mixer manufacturer, the 'entire vehicle' must be certified via two certifications, with the chassis-cab manufacturer certifying its chassis-cab, and with the mixer manufacturer certifying its mixer and the effect of the mounting, if any, to thus obtain effective certification of the 'entire vehicle.'"

We agree and remand to the district court to add to the judgment the clarifying provision acceptable to the parties.

* Senior Judge William J. Jameson of the District of Montana is sitting by designation.